# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

SHANNON GOBER                                                                                    PETITIONER
Reg. #24010-001

v.                                        2:24-cv-00145-BSM-JJV

CHAD GARRETT, Warden,
Forrest City Low                                                                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.  INTRODUCTION**

Petitioner Shannon Gober brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He alleges he should have been released from the Bureau of Prisons ("BOP") on July 31, 2024, and asks the Court to order his immediate release. (*Id*. at 2-4.) After careful consideration of Mr. Gober's Petition as well as the Response (Doc. No. 6), I recommend the Petition be dismissed without prejudice.

**II.  FACTS**

In 2017, Mr. Gober was sentenced in the United States District Court for the Northern District of Alabama to 137 months' imprisonment after having been found guilty of one count of possession with intent to distribute a mixture and substance containing methamphetamine. (Doc. No. 6-1 at 1-2.) At the time he filed the instant Petition on August 12, 2024, Mr. Gober was serving that sentence at the Federal Correctional Institution – Forrest City Low. (Doc. No. 1 at 1.) He has since been transferred to the Residential Reentry Management field office in Montgomery, Alabama. *See* https://www.bop.gov/inmateloc/ (last visited Nov. 6, 2024).

According to Mr. Gober, "BOP records" show his release date as July 31, 2024, after accounting for good-time credits and First Step Act credits. (Doc. No. 1 at 2.) The specific record he points to is the response to his Request for Administrative Remedy, signed by Respondent Chad Garrett, Warden of the Forrest City Low FCI. (*Id*. at 2-3.) The response to the request does say Mr. Gober's "FSA release date" is July 31, 2024. (*Id*. at 5.) However, Respondent contends this was a typographical error. (Doc. No. 6 at 4.) Respondent provides records showing Mr. Gober's actual release date, after credits, is July 27, 2025. (*Id*. at 5, Doc. No. 6-2 at 2-3.)

Mr. Gober alleges the BOP is violating his constitutional rights and he is entitled to immediate release. (Doc. No. 1 at 3-4.) Warden Garrett argues in part that Mr. Gober's Petition should be dismissed based on his failure to exhaust his administrative remedies. (Doc. No. 6 at 2-4.)

### III.    ANALYSIS

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits.

*United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

Mr. Gober failed to exhaust each of the steps of the Administrative Remedy Program. Specifically, the record shows that he attempted informal resolution, submitted a Request for Administrative Remedy, and pursued an appeal to the Regional Director. (Doc. No. 1 at 5-7.) However, he did not submit an appeal to the General Counsel. Mr. Gober acknowledges his failure to complete the process but suggests his failure should be excused because the BOP "intentionally delayed" the process and "intentionally hinder[ed] his steps." (*Id*. at 2, 4.) Mr. Gober does not provide any evidence of this, nor does he explain what circumstance prevented him from filing an

3

appeal to the General Counsel. His frustration with the length of the process is understandable, but it does not justify his short-circuiting it. His claim is ripe for review through the administrative remedy process, and he "must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court." *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974).

Because Mr. Gober failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition should be dismissed without prejudice.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Gober's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 7th day of November 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE